UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

07 CV 11107

------------------------------------------------------------X

NORTH EAST INSURANCE COMPANY
a/s/o SQUARE PLAZA I CONDOMINIUM and         CIV. No.
COMMUNITY PLAZA CONDOMINIUM,

          Plaintiffs,

    -against-

ROLLING ACRES DEVELOPERS, INC.,                **COMPLAINT**

          Defendant.
------------------------------------------------------------X

## COMPLAINT AND JURY DEMAND

Plaintiffs NORTH EAST INSURANCE COMPANY a/s/o SQUARE PLAZA I CONDOMINIUM and COMMUNITY PLAZA CONDOMINIUM, by and through its attorneys, CLAUSEN MILLER, P.C., as and for its Complaint, herein alleges as follows:

### THE PARTIES

1.    Plaintiff NORTH EAST INSURANCE COMPANY ("North East") is a corporation organized under the laws of Maine, with its principal place of business located at 482 Payne Road, 4th Floor Scarborough, Maine.

2.    At all relevant times, Plaintiff North East was authorized to issue policies of insurance within the State of New York.

3.    At all relevant times, Plaintiff North East insured SQUARE PLAZA I CONDOMINIUM (hereinafter "Square Plaza"), pursuant to Policy No. 331-5000024-05 (the "Square Plaza Policy").

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

NORTH EAST INSURANCE COMPANY
a/s/o SQUARE PLAZA I CONDOMINIUM and
COMMUNITY PLAZA CONDOMINIUM,

          Plaintiffs,

     -against-

ROLLING ACRES DEVELOPERS, INC.,

          Defendant.

------------------------------------------------------------------ X

CIV. No. 07 CV 11107

ECF CASE

JUDGE ROBERT W. SWEET

**COMPLAINT**

## COMPLAINT AND JURY DEMAND

Plaintiffs NORTH EAST INSURANCE COMPANY a/s/o SQUARE PLAZA I CONDOMINIUM and COMMUNITY PLAZA CONDOMINIUM, by and through its attorneys, CLAUSEN MILLER, P.C., as and for its Complaint, herein alleges as follows:

### THE PARTIES

1. Plaintiff NORTH EAST INSURANCE COMPANY ("North East") is a corporation organized under the laws of Maine, with its principal place of business located at 482 Payne Road, 4th Floor Scarborough, Maine.

2. At all relevant times, Plaintiff North East was authorized to issue policies of insurance within the State of New York.

3. At all relevant times, Plaintiff North East insured SQUARE PLAZA I CONDOMINIUM (hereinafter "Square Plaza"), pursuant to Policy No. 331-5000024-05 (the "Square Plaza Policy").

4. At all relevant times, Square Plaza was and is a condominium association, with its principal place of business located at 161 Clinton Lane #3, Spring Valley, New York.

5. At all relevant times, Plaintiff North East insured COMMUNITY PLAZA CONDOMINIUM ("Community Plaza"), pursuant to Policy No. 331-5000379-03 (the "Community Plaza Policy").

6. At all relevant times, Community Plaza was and is a condominium association, with its principal place of business located at 145 Clinton Lane, Spring Valley, New York.

7. At all relevant times, Defendant ROLLING ACRES DEVELOPERS, INC. ("Rolling Acres") was and is a corporation organized under the laws of the State of New York, with its principal place of business located at 3 Jackson Avenue, Spring Valley, New York.

## JURISDICTION and VENUE

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1332(a)(1), by reason of diversity of citizenship of the parties; the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

9. Venue is proper in this district, pursuant to the provisions of 28 U.S.C.A. § 1391.

## FACTS

10. At all times material hereto, Square Plaza is the condominium association for property located at 153-165 Clinton Lane, Spring Valley, New York (the "Square Plaza Building").

11. At all times material hereto, Community Plaza is the condominium association for property located at 143-149 Clinton Lane, Spring Valley, New York (the "Community Plaza Building").

12. At all time material hereto, the Square Plaza Building and Community Plaza Building shall be hereinafter collectively referred to as the "Premises".

13. Upon information and belief, prior to February 7, 2007, Square Plaza and/or Community Plaza retained Rolling Acres to construct the Premises.

14. On February 7, 2007, a fire occurred at the Premises (the "Incident").

15. The fire, which started in a outdoor boiler room, quickly spread throughout the Premises.

16. The rapid spread of the fire was caused by Rolling Acres' improper construction, including, but not limited to, not complying with design drawings and/or plans, not using the correct materials, and/or not complying with all relevant laws, rules and/or codes.

17. Pursuant to the Square Plaza Policy, Square Plaza submitted an insurance claim to Plaintiff North East for the damages it sustained as a result of the fire at the Premises.

18. Pursuant to the Square Plaza Policy, Plaintiff North East indemnified Square Plaza for its damages, accordingly Plaintiff North East is subrogated to the rights of Square Plaza.

19. Pursuant to the Community Plaza Policy, Community Plaza submitted an insurance claim to Plaintiff North East for the damages it sustained as a result of the fire at the Premises.

20. Pursuant to the Community Plaza Policy, Plaintiff North East indemnified Community Plaza for its damages, accordingly Plaintiff North East is subrogated to the rights of Community Plaza.

21. As a result of the improper activities by Rolling Acres, Plaintiff was caused to incur damages and/or financial loss in the amount of $1,253,697.00.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE

22. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if set forth at full herein.

23. Defendant Rolling Acres owed a duty to Square Plaza, Community Plaza and Plaintiff North East, by way of subrogation, to construct the Premises, including, but not limited to, complying with design drawings and/or plans, and using the correct materials, in a manner which did not create a dangerous condition and/or increase the risk of harm to the Premises.

24. Defendant Rolling Acres owed a duty to Square Plaza, Community Plaza and Plaintiff North East, by way of subrogation, to properly and safely construct the Premises, including, but not limited to, complying with design drawings and/or plans, and using the correct materials, so as to minimize the potential for the spread of a fire.

25. Defendant Rolling Acres owed a duty to Square Plaza, Community Plaza and Plaintiff North East, by way of subrogation, to hire competent employees, agents, servants and/or representatives to construct the Premises, including, but not limited to, complying with design drawings and/or plans, and using the correct materials.

26. Defendant Rolling Acres breached the above described duties owed to Square Plaza, Community Plaza and Plaintiff North East, by way of subrogation, by negligently, carelessly and/or recklessly constructing the Premises, including, but not limited to, complying with design drawings and/or plans, and using the correct materials, and/or hiring and supervising incompetent employees, agents, servants and/or representatives to do the same.

27. Defendant Rolling Acres breached its duties owed to Square Plaza, Community Plaza and Plaintiff North East, by way of subrogation, by failing to use due care in the construction of the Premises, including, but not limited to, its compliance with design drawings and/or plans, and use of the correct materials, and/or hiring and supervising employees, agents, servants, agents and/or representatives to do the same.

28. Defendant Rolling Acres breached its duties owed to Square Plaza, Community Plaza and Plaintiff North East, by way of subrogation, by failing to consider the safety of the property of others in its construction of the Premises, including, but not limited to, its compliance with design drawings and/or plans, and use of the correct materials, and/or hiring and supervising employees, agents, servants and/or representatives to do the same.

29. Defendant Rolling Acres breached its duties owed to Square Plaza, Community Plaza and Plaintiff North East, by way of subrogation, by failing to comply with the applicable laws, rules and/or codes concerning the construction of the Premises, including, but not limited to, compliance with design drawings and/or plans, and use of the correct materials.

30. As a direct and proximate result of the foregoing negligent, careless and/or reckless acts and/or omissions by Defendant Rolling Acres, the Premises was thereby damaged and resulted in significant financial loss to Plaintiff North East.

WHEREFORE, Plaintiff North East demands judgment against Defendant Rolling Acres, in the total amount of $1,253,697.00, together with interest, legal fees, costs, expenses, disbursements and such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as though fully set forth herein.

32. Upon information and belief, Rolling Acres entered into a contract and/or agreement with Square Plaza and/or Community Plaza to construct the Premises, including, but not limited to, comply with design drawings and/or plans, and use the correct materials.

33. Upon information and belief, the contract and/or agreement placed a duty upon Defendant Rolling Acres to properly construct the Premises, including, but not limited to, complying with design drawings and/or plans, and use the correct materials.

34. Defendant Rolling Acres, on its own and/or through its employees, agents, servants and/or representatives, failed to properly construct the Premises, including, but not limited to, complying with design drawings and/or plans, and using the correct materials.

35. Defendant Rolling Acres, on its own and/or through its employees, agents, servants and/or representatives, failed to comply with the contract and/or agreement related to construction of the Premises, causing the fire to spread throughout the Premises.

36. The above described failures on the part of Defendant Rolling Acres, or through its employees, agents, servants and/or representatives, constituted a breach of the contract and/or agreement of construction of the Premises.

37. As a direct and foreseeable result of Defendant Rolling Acres' breach, the Premises was thereby damaged and resulted in significant financial loss to Plaintiff North East.

WHEREFORE, Plaintiff demands judgment against Defendant Rolling Acres, in the total amount of $1,253,697.00, together with interest, legal fees, costs, expenses, disbursements and such other and further relief as the Court deems proper.

### THIRD CAUSE OF ACTION: BREACH OF EXPRESS AND IMPLIED WARRANTIES

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as though fully set forth herein.

39. Defendant Rolling Acres made express and implied warranties to Square Plaza and/or Community Plaza that it was to perform the construction of the Premises, in a safe and non-negligent manner.

40. Defendant Rolling Acres made express and implied warranties to Square Plaza and/or Community Plaza that it would comply with the design drawings and/or plans, and use the correct materials in a safe and non-negligent manner.

41. Defendant Rolling Acres' representations, warranties and guarantees were part of the basis for Square Plaza and/or Community Plaza entering into a contract and/or agreement(s) with Defendant.

42. Defendant Rolling Acres breached its express and implied warranties, when it failed to: (a) comply with the design drawings and/or plans, and use the correct materials in the construction of the Premises; (b) perform all tasks required of it pursuant to the pertinent contract and/or agreement(s), safety codes, fire codes and building codes; (c) satisfy all appropriate industry standards and guidelines; and (d) act in a manner that did not evince a complete disregard for the safety of the property of others, including, but not limited to, Square Plaza, Community Plaza and Plaintiff North East, by way of surbogation.

43. As a direct and foreseeable result of the aforesaid breaches by Defendant, a fire started at the Premises and the fire was permitted to spread throughout the Premises, thereby damaging the Premises and resulting in significant financial loss to Square Plaza, Community Plaza and Plaintiff North East.

WHEREFORE, Plaintiff demands judgment against Defendant Rolling Acres, in the total amount of $1,253,697.00, together with interest, legal fees, costs, expenses, disbursements and such other and further relief as the Court deems proper.

## FOURTH CAUSE OF ACTION:
## GROSS NEGLIGENCE, RECKLESSNESS AND/OR WILLFUL AND WANTON MISCONDUCT

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as though fully set forth herein.

45. As described above, Defendant:

   a. owed various duties to Square Plaza, Community Plaza and Plaintiff, by way of subrogation; and

   b. breached its duties to Square Plaza, Community Plaza and Plaintiff, by way of subrogation.

46. Defendant Rolling Acres' conduct amounted to that of gross negligence, recklessness and/or willful and wanton misconduct.

47. As a direct and proximate result of Defendant Rolling Acres' gross negligence, recklessness and/or willful and wanton misconduct, which breached its duties, Plaintiff North East suffered significant financial loss, in the amount of $1,253,697.00.

WHEREFORE, Plaintiff demands judgment against Defendant Rolling Acres, in the total amount of $1,253,697.00, together with interest, legal fees, costs, expenses, disbursements and such other and further relief as the Court deems proper.

## FIFTH CAUSE OF ACTION:
## RES IPSA LOQUITUR

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as though fully set forth herein.

49. The damages suffered by Plaintiff do not ordinarily occur in the absence of someone's negligence.

50. The damages suffered by Plaintiff were not due to any voluntary action and/or contribution on the part of Square Plaza, Community Plaza and/or Plaintiff North East, by way of subrogation.

51. Plaintiff North East was damaged in the amount of $1,253,697.00, as a result of Defendant Rolling Acres' negligent, careless and/or reckless actions and/or omissions.

WHEREFORE, Plaintiff demands judgment against Defendant Rolling Acres, in the total amount of $1,253,697.00, together with interest, legal fees, costs, expenses, disbursements and such other and further relief as the Court deems proper.

## SIXTH CAUSE OF ACTION: NEGLIGENCE PER SE

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as though fully set forth herein.

53. Defendant Rolling Acres failure to properly construct the Premises, including, but not limited to, not complying with design drawings and/or plans, and not using the correct materials was in violation of the New York State Building Code, specifically §705, National Building Code, National Fire Protection Administration rules and other regulations, codes, requirements and laws of the State of New York and other governmental bodies.

54. The aforementioned rules and other regulations, codes, requirements and laws are intended to promote the safety and protection of those in the class of Plaintiff.

55. As a result of its violation of the aforementioned rules and other regulations, codes, requirements and laws, Defendant Rolling Acres is liable under the doctrine of *negligence per se.*

56. As a direct and proximate result of Defendant Rolling Acres' *negligence per se*, the Premises was thereby damaged resulting in significant financial loss to Square Plaza, Community Plaza and Plaintiff North East, by way of subrogation.

WHEREFORE, Plaintiff demands judgment against Defendant Rolling Acres, in the total amount of $1,253,697.00, together with interest, legal fees, costs, expenses, disbursements and such other and further relief as the Court deems proper.

## DEMAND FOR JURY

Plaintiff demands trial by jury on all issues.

## CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES

The undersigned counsel hereby certifies, in accordance with Local Civil Rules that we are unaware of any action related to the allegations contained in this Complaint.

Dated: New York, New York
       December 7, 2007

Respectfully submitted,

CLAUSEN MILLER, P.C.

By: _____
Robert A. Stern, Esq.
Virginia M. Markovich, Esq.
One Chase Manhattan Plaza
New York, New York 10005
(212) 805-3900