UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **NORTH EAST INSURANCE COMPANY a/s/o SQUARE PLAZA I CONDOMINIUM and COMMUNITY PLAZA CONDOMINIUM.** | CIV No. 07 CV 11107 (rws) |
| | ECF Case |
| Plaintiffs, | Name of Assigned Judge: Judge Robert W. Sweet |
| -*against*- | |
| **ROLLING ACRES DEVELOPERS, INC.,** | *ANSWER* |
| Defendant. | |

---

Defendant, Rolling Acres Developers, Inc., by its attorney, Julian Alan Schulman, Esq., answers the complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 1 of the complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 2 of the complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 3 of the complaint.

4. Defendant admits the truth of the statements contained in paragraph 4 of the complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 5 of the complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 6 of the complaint.

7. Defendant admits the truth of the statements contained in paragraph 7 of the complaint.

8. Defendant admits the truth of the statements contained in paragraph 8 of the complaint.

9. Defendant admits the truth of the statements contained in paragraph 9 of the complaint.

10. Defendant admits the truth of the statements contained in paragraph 10 of the complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 11 of the complaint.

12. Defendant admits the truth of the statements contained in paragraph 12 of the complaint.

13. Defendant denies the truth of the statements contained in paragraph 13 of the complaint.

14. Defendant admits the truth of the statements contained in paragraph 14 of the complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 15 of the complaint.

16. Defendant denies the truth of the statements contained in paragraph 16 of the complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 17 of the complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 18 of the complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 19 of the complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 20 of the complaint.

21. Defendant denies the truth of the statements contained in paragraph 21 of the complaint.

22. Defendant pleads consistently with its responses to the paragraphs incorporated into paragraph 22 of the complaint.

23. Defendant denies the truth of the statements contained in paragraph 23 of the complaint.

24. Defendant denies the truth of the statements contained in paragraph 24 of the complaint.

25. Defendant denies the truth of the statements contained in paragraph 25 of the complaint.

26. Defendant denies the truth of the statements contained in paragraph 26 of the complaint.

27. Defendant denies the truth of the statements contained in paragraph 27 of the complaint.

28. Defendant denies the truth of the statements contained in paragraph 28 of the complaint.

29. Defendant denies the truth of the statements contained in paragraph 29 of the complaint.

30. Defendant denies the truth of the statements contained in paragraph 30 of the complaint.

31. Defendant pleads consistently with its responses to the paragraphs incorporated into paragraph 31 of the complaint.

32. Defendant denies the truth of the statements contained in paragraph 32 of the complaint.

33. Defendant denies the truth of the statements contained in paragraph 33 of the complaint.

34. Defendant denies the truth of the statements contained in paragraph 34 of the complaint.

35. Defendant denies the truth of the statements contained in paragraph 35 of the complaint.

36. Defendant denies the truth of the statements contained in paragraph 36 of the complaint.

37. Defendant denies the truth of the statements contained in paragraph 37 of the complaint.

38. Defendant pleads consistently with its responses to the paragraphs incorporated into paragraph 38 of the complaint.

39. Defendant denies the truth of the statements contained in paragraph 397 of the complaint.

40. Defendant denies the truth of the statements contained in paragraph 40 of the complaint.

41. Defendant denies the truth of the statements contained in paragraph 41 of the complaint.

42. Defendant denies the truth of the statements contained in paragraph 42 of the complaint.

43. Defendant denies the truth of the statements contained in paragraph 43 of the complaint.

44. Defendant pleads consistently with its responses to the paragraphs incorporated into paragraph 44 of the complaint.

45. Defendant denies the truth of the statements contained in paragraph 45 of the complaint.

46. Defendant denies the truth of the statements contained in paragraph 46 of the complaint.

47. Defendant denies the truth of the statements contained in paragraph 47 of the complaint.

48. Defendant pleads consistently with its responses to the paragraphs incorporated into paragraph 48 of the complaint.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 49 of the complaint.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 50 of the complaint.

51. Defendant denies the truth of the statements contained in paragraph 51 of the complaint.

52. Defendant pleads consistently with its responses to the paragraphs incorporated into paragraph 52 of the complaint.

53. Defendant denies the truth of the statements contained in paragraph 53 of the complaint.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 54 of the complaint.

55. Defendant denies the truth of the statements contained in paragraph 55 of the complaint.

56. Defendant denies the truth of the statements contained in paragraph 56 of the complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

57. The negligence causes of action are time-barred under CPLR § 214(4).

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

58. The Contract causes of action are time-barred under CPLR § 213.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

59. There is no contractual relationship between defendant and plaintiff's subrogors.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

60. In the event either of plaintiff's subrogors has contractual remedies against defendant, the defendant made no housing merchant implied warranty or any other warranties, express or implied, in connection with the Premises, and all such warranties were excluded, except for an express limited warranty.

61. The express limited warranty does not cover loss or damage caused by defective design provided by any person other than a design professional retained exclusively by the Builder.

62. The express limited warranty does not cover patent defects. The express limited warranty does not cover loss or damage caused by or resulting from accidents, fire, explosion, smoke, water escape, or falling objects.

63. The express limited warranty does not cover damage to personal property.

64. The express limited warranty does not cover consequential damages.

65. The express limited warranty does not cover costs of shelter, transportation, flood, moving, storage or other incident expenses related to relocated during repair.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

66. In the event either of plaintiff's subrogors has contractual remedies against defendant, defendant's liability under any circumstances is limited to $50,000 pursuant to the express limited warranty.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

67. The warranty causes of action, if otherwise actionable, are time-barred under General Business Law § 777-a.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

68. In the event the housing merchant implied warranty applies, it does not extend to any defect that does not constitute (i) defective workmanship by the builder or by an agent, employee or subcontractor of the builder, (ii) defective materials supplied by the builder or by an agent, employee or subcontractor of the builder, or (iii) defective design provided by a design professional retained exclusively by the builder.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

69. In the event that the housing merchant implied warranty applies, it does not extend to any patent defect which an examination ought in the circumstances to have revealed.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

70. Any warranty in favor of a unit owner does not inure to the condominium association.

### AS AND FOR A TENTH
### AFFIRMATIVE DEFENSE

71. The doctrine of res ipsa loquitur is not applicable since the instrumentality causing the injury was not in exclusive possession, control and oversight of the defendant at the time of the accident, and there is insufficient evidence of any negligence on the part of the defendant.

### AS AND FOR A ELEVENTH
### AFFIRMATIVE DEFENSE

72. The Premises were granted a certificate of occupancy.

### AS AND FOR A TWELFTH
### AFFIRMATIVE DEFENSE

73. The design and construction met or exceeded standards of locally accepted building practices.

### AS AND FOR A THIRTEENTH
### AFFIRMATIVE DEFENSE

74. The plaintiff, at least one of the subrogors, and at least some of the condominium unit owners had the opportunity to inspect the Premises before the fire.

75. Upon information and belief, the plaintiff, at least one of the subrogors, and at least some of the condominium unit owners did inspect the Premises before the fire.

76. An inspection of the Premises should have disclosed any alleged defects.

## AS AND FOR A FOURTEENTH
## AFFIRMATIVE DEFENSE

77. That if the occurrence and damages alleged in the complaint occurred, it was caused completely or partially by culpable conduct attributable to the plaintiff's subrogors and not defendant, and, therefore, defendant seeks a dismissal or reduction in any recovery had by plaintiff in proportion to which the culpable conduct attributable to plaintiff's subrogors caused the damages.

## AS AND FOR A FIFTEENTH
## AFFIRMATIVE DEFENSE

78. The occurrence and damages alleged in the complaint are due to the culpable conduct of unrelated third parties.

## AS AND FOR A SIXTEETH
## AFFIRMATIVE DEFENSE

79. The provisions of CPLR Article 16 apply to this action, and, therefore, if defendant is found liable, and such liability is less than or equal to 50%, this defendant's liability shall be limited to its equitable share.

ACCORDINGLY, defendant requests entry of an order dismissing complaint, together with costs of suit, including reasonable attorneys' fees, and for any other further relief that may be just and proper.

Dated: Suffern, New York
       March 11, 2008

*[signature]*

Julian Alan Schulman (JS1402)
**SCHULMAN, KISSEL & KEENE, P.C.**
Attorney for Defendant
One Executive Boulevard, Suite 202
Suffern NY 10901-4157
(845) 368-0104
jschulman@suffernlaw.com

TO:   **CLAUSON MILLER, P.C.**
      Attorney for Plaintiff
      One Chase Manhattan Plaza
      New York NY 10005
      (212) 805-3900